# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Eddie Jones, Jr.,

                Plaintiff,       Case No. 24-11676

v.

                             Judith E. Levy
                             United States District Judge

Windsor Mold Group,

                             Mag. Judge Kimberly G. Altman

                Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES [2] AND ORDER FOR PLAINTIFF TO SHOW CAUSE

On June 28, 2024, Plaintiff Eddie Jones, Jr. filed a *pro se* complaint alleging that his former employer, Windsor Mold Group, violated the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). (ECF No. 1.) That same day, Plaintiff filed an application to proceed *in forma pauperis*, which is a request to proceed without prepaying the fees and costs for this litigation. (ECF No. 2).

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is

unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff's application indicates that he "receive[s] social security and veteran benefits." (ECF No. 2, PageID.15.) Plaintiff's attachments to his complaint demonstrates that, beginning in January 2024, he receives $759.00 a month through Social Security payments. (ECF No. 1, PageID.12.) He states he has no cash or money in a checking or savings account. (ECF No. 2, PageID.16.) Given Plaintiff's lack of financial resources, the Court finds that Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1), and his application to proceed without prepayment of fees is granted.

Because Plaintiff has been granted permission to proceed in forma pauperis, the Court must screen his complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs.*, LLC, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that pro se filings should be liberally construed does not exempt pro se litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304,

2

2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Under Federal Rule of Civil Procedure 8(a)(3), a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." "A party must [] state the type of relief the party seeks so as to give adequate notice to the opposing party." *Fairlane Car Wash, Inc. v. Knight Enterprises, Inc.*, No. 07-10165, 2009 WL 928725, at *2 (E.D. Mich. Mar. 31, 2009), *aff'd*, 396 F. App'x 281 (6th Cir. 2010). Here, Plaintiff has not requested any form of relief, in violation of Rule 8(a)(3). (ECF No. 1, PageID.7.)

Further, Plaintiff indicated in his complaint that the United States Equal Employment Opportunity Commission ("EEOC") "issued a Notice of Right to Sue letter." (*Id.*) Plaintiff attached a Charge of Discrimination document dated March 25, 2024, which alleges that he was discriminated against by Defendant based on his disability, in violation of the ADA. (ECF No. 1, PageID.10.) He also attached a letter he wrote to the Michigan Department of Labor and Economic Opportunity dated October 25, 2023. (*Id.* at PageID.13.) In this letter, he describes his employment

3

and termination. (*Id.*) However, based on his submissions, the Court is unable to determine if he exhausted his administrative remedies.

"A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right to sue letter from the EEOC." *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002) (citing 42 U.S.C. § 12117(a); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331–32 (6th Cir. 1989)). Here, Plaintiff's submissions indicate that he filed a charge of discrimination for his ADA claim and that a notice of right to sue letter was issued, but he does not state when the notice of right to sue letter was issued. (*See* ECF No. 1.) As such, the Court is unable to determine if he filed suit within ninety days of receiving the right to sue letter.

A plaintiff seeking relief under the ADEA also faces administrative requirements. The plaintiff is permitted to bring suit "60 days after filing [his] EEOC charge of discrimination." *Smithson v. Hamlin Pub, Inc.*, No. 15-CV-11978, 2016 WL 465564, at *5 (E.D. Mich. Feb. 8, 2016). The plaintiff must "file a charge with the EEOC 'within 300 days after the alleged unlawful practice occurred,'" and, if a right to sue letter is issued, "the suit must be commenced within 90 days." *Billings v. Ideal Grp., Inc.*, No. 23-12311, 2024 WL 1977140, at *4 (E.D. Mich. May 3, 2024) (quoting

4

29 U.S.C. § 626(d)(1)(B)). Here, there is no indication that Plaintiff filed a charge of discrimination for his ADEA claims, nor if a notice of right to sue letter for his ADEA claim was issued. (ECF No. 1.) Like his ADA claim, the Court is unable to determine if Plaintiff filed suit sixty days after filing his EEOC charge of discrimination for his ADEA claim, nor if he filed suit within ninety days of receiving the right to sue letter.

Finally, under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a plaintiff must allege facts in the complaint which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint need not contain "detailed factual allegations," it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The complaint does not sufficiently allege facts that could allow the Court to draw a reasonable inference that the Defendant is liable for age or disability discrimination. Plaintiff's fact section is completely blank. (ECF No. 1, PageID.6.) While Plaintiff shares his age and birthday, he does not identify a disability or perceived disability. (*Id.* at PageID.5.) Plaintiff's letter to the Michigan Department of Labor and Economic Opportunity describes his termination from employment but does not mention anything about age or disability discrimination. (*Id.* at PageID.13.) In short, Plaintiff's complaint lacks factual allegations showing that he is entitled to relief.

Accordingly, Plaintiff's application to proceed without prepaying fees or costs is GRANTED. The Court orders Plaintiff to show cause, in writing, why the Court should not dismiss this action under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's response must:

- state the type of relief he is seeking, pursuant to Federal Rule of Civil Procedure 8(a)(3);
- identify the date that a notice of right to sue letter was issued for his ADA claim;
- identify the date that he filed a charge of discrimination at the EEOC for his ADEA claim;
- identify the date that a notice of right to sue letter was issued for his ADEA claim, if one was issued; and

6

- allege facts showing that he has a claim under the ADA and the ADEA, including the disability or perceived disability that was the cause of his ADA claim.

Plaintiff's response to this show cause order is due by **August 2, 2024**. If Plaintiff fails to comply with this order, the case may be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2 or failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: July 10, 2024            s/Judith E. Levy
        Ann Arbor, Michigan     JUDITH E. LEVY
                                United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager